BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
DILLON S. ERICKSON, ESQ.
HALL ANGELL & ASSOCIATES, LLP
1075 S Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 621-3008
*ISB Nos. 2434, 7012 and 10312*
bgh@hasattorneys.com
sla@hasattorneys.com
dse@hasattorneys.com

Attorneys for Defendant City of Burley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OTTIS D. PHERIGO, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BURLEY, an Idaho municipal corporation,<br><br>        Defendant. | Case No. 4:21-cv-364<br><br>**STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant, CITY OF BURLEY, by and through counsel of record, HALL ANGELL & ASSOCIATES, LLP, submits this Statement of Material Facts in Support of Motion for Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

1. Plaintiff's employment with the City of Burley was terminated in 2020 after the City received reports from several City employees that Plaintiff had made threats to harm and/or kill his supervisor, Dee Hodge.

2. Plaintiff was hired by the City of Burley ("City") in 2009 as a mechanic. Plaintiff's Complaint, ¶ 6. Plaintiff was later employed by the City as a wastewater maintenance technician. *Id.*, ¶ 7.

3. Throughout his employment, Plaintiff developed a friendly relationship with a co-worker named Lindsey Yeaman. Declaration of Counsel, Ex. A Transcript of Deposition of Plaintiff, p. 37, ll. 7–11.

4. On or about January 31, 2020, Dee Hodge, Ms. Yeaman's supervisor, delivered a notice of proposed termination to her which indicated he was contemplating terminating her employment based on her failure to meet work performance standards and requirements. Declaration of Mark Mitton, Ex. A.

5. Plaintiff was upset by the notice given to Ms. Yeaman and decided to do something about it. Declaration of Counsel, Ex. B, Transcript of Deposition of Plaintiff, p. 93, ll. 24–25 and p. 94, ll. 1–7. He resolved to lodge a complaint against Dee Hodge with the City's Director of Human Resources, Carol Anderson. Declaration of Carol Anderson, ¶ 4. Plaintiff reported Dee Hodge for performing what Plaintiff described as "sexual advances" on Ms. Yeaman. *Id.*, ¶ 4; Declaration of Counsel, Ex. B. During the meeting, Ms. Anderson observed that Plaintiff was highly emotional and angry. Anderson Declaration, ¶ 4.

6. Ms. Anderson discussed Plaintiff's report with Mr. Mitton, who then decided to defuse the situation and allow some sense of normalcy to prevail in the workplace by placing Plaintiff on paid administrative leave. Mitton Declaration, ¶ 10–12. The City did not make any changes to Plaintiff's employment, including wages or benefits, during the suspension. *Id.*, ¶ 12.

7. Taking the allegations of sexual harassment seriously, the City hired Kerry McMurray, an independent attorney, to investigate the allegations raised by Plaintiff. *Id.*, ¶ 16.

8. On or about February 13, 2020, Plaintiff was instructed to return to work on February 18, 2020. *Id.*, ¶ 14. Plaintiff returned to work on February 18, 2020, to the exact same position as before the suspension. *Id.*

9. Plaintiff's return to work caught some of his coworkers by surprise. See e.g., Declaration of Counsel, Ex. C, Transcript of Blackner Deposition, p. 19, ll. 10–20. They thought that Plaintiff's employment had been terminated when he didn't return to work on February 3, 2020. *Id.* His return to the office caused some of the employees to be concerned because right before Plaintiff left to meet with Ms. Anderson on February 3, 2020, he had gone to several coworkers and made various threats to harm or kill Dee Hodge. Specifically, Dustin Raney, who was the lead wastewater operator at the time, reported:

> On the morning of 2/3/2020 right after work began, Dan [Pherigo] approached me and stated that Dee [Hodge] had crossed the line and when shit hits the fan I need to stay out of it because he doesn't want anyone else getting hurt. Rusty [Blackner] came to me about an hour later and informed me that Dan [Pherigo] had told him the same thing. Stormy [Oldham] also came to me with concerns for everyone's safety and stated that he was worried about what dan [sic] may do. The next morning, I told Dee what Dan had said and about the others [sic] concerns and we went to city hall and discussed the matter with Carol Anderson and Mark Mitton. Carol took meeting notes. Mark told us he doesn't believe that Dan meant anything about his statements being of a physical nature. He also informed us that Dan had filed a sexual harassment complaint against Dee and that we would both be being contacted by the County Administrator, who would be conducting an investigation, for questioning.

I was contacted by the County Administrator at 3 pm on 2/4/2020 and was asked to come to his office to discuss the complaint and I went up and did a recorded interview with him. On the morning of 2/5/2020 I was informed by Dee that Dan had sent home on administrative leave until these matters had been resolved. We also had a staff lunch that day to discuss the allegations towards Dee Lindsays [sic] termination being strictly due to lack of job performance, and about Dan being placed on administrative leave because he was very emotional and making threats. Stormy, Dee and I expressed that we were concerned for all of our safety because Dans [sic] mental state and because of the threats that were made.

2/6/2020 Stormy asked me to accompany him to city hall to discuss his concerns with Mark and Carol. Carol took meeting minutes while we were there. He spoke about how nervous we are for the staff safety now and especially any retaliation from Dan now or if he is allowed to return to work. He also discussed the city policy portion about employees not being allowed to carry firearms and how that rule should be revised so that we could be allowed to protect ourselves. Mark told him the same thing he told Dee and me.

Anderson Declaration, Ex. A. Another employee, Rusty Blackner, an operator in the wastewater department, reported:

I Rusty Blackner had Dan approach me on feb 3 after lindsey [sic] was told to leave work on Friday and dan [sic] told me that he was going to kill dee [sic] and that he wanted me and my other co-workers to stay out of the way because he didn't want anyone else to get hurt. Now I do not feel comfortable being at work for fear of getting hurt or one of my co-workers getting hurt. I feel that dan [sic] is a threat and should not be aloud [sic] at work."

*Id.* Stormy Oldham, also an operator, reported the following:

on Monday morning Feb 3rd I went in to [sic] the control room to look at the scuda 7:45 AM Dan came in set down upset and said Dee hurt someone he cared about and he wont [sic] me to stay out of what ever [sic] was going to happen and to till [sic] glen [sic] stay out it because he didn't want us hert [sic]!"

*Id.*

10.    Plaintiff admits he made statements to several of his coworkers. Declaration of Counsel, Ex. D, Transcript of Deposition of Plaintiff, p 73, ll. 4–6, 11–16; p. 74, ll. 18–24, 25 and p. 75, ll. 1–20.

11. Although Plaintiff made the threats on February 3, 20202, the City did not become aware of them until after he returned to work on February 18, 2020. However, once the City learned that Plaintiff threatened to harm or kill Mr. Hodge, Mr. Mitton, accompanied by a Cassia County Sheriff, went to the wastewater facility and informed Plaintiff that he was being placed on a paid suspension. Mitton Declaration, ¶ 16. Mr. Mitton told Plaintiff to leave the wastewater facility and informed him that he would be trespassing if he returned. *Id.* Once again, the City did not make any changes to Plaintiff's compensation or benefits while he was suspended. *Id.*, ¶ 17.

12. On February 27, 2020, Plaintiff was given a Notice of Proposed Disciplinary Action – Termination, indicating that his termination was being considered due to the threats he made to harm or kill Dee Hodge. *Id.*, at Ex. B.

13. The Notice of Proposed Disciplinary Action was issued by City Manager Mark Mitton without any involvement, input, or influence from Hodge. *Id.*, ¶ 18. The reasons for the proposed disciplinary action were clearly delineated within the Notice, making no reference to Plaintiff's report of alleged sexual harassment of Ms. Yeaman. *Id.*, Ex. B.

14. The Notice also indicated that Plaintiff was entitled to an opportunity to be heard, to take place on March 5, 2020. *Id.*

15. On March 5, 2020, Plaintiff met with Ms. Anderson and Mr. Mitton in Ms. Anderson's office in Burley City Hall. *Id.*, ¶ 21. The meeting was brief, during which Plaintiff merely denied making the threats and that "the only thing I'm guilty of is trying to protect [Ms. Yeaman]." *Id.* Mr. Mitton informed Plaintiff that he would have to consider things and give a final decision, which Plaintiff could appeal with the Mayor. *Id.*

16.     By March 16, 2020, the City decided to move forward with terminating Plaintiff's employment. *Id.*, ¶ 22. The threats Plaintiff made were serious and the City has a duty to ensure workplace safety. Plaintiff did not present any reasons to reverse the proposed termination and that the allegations by the reporting employees were credible. *Id.*, at Ex. C. Within the Notice of Termination, Plaintiff was reminded of his right to appeal his termination with the Mayor in accordance with Rule 9(E) of the City's Personnel Rules and Regulations. *Id.*

17.     Plaintiff did not appeal the decision to the Mayor. *Id.*, ¶ 24.

18.     Since Plaintiff was told to leave the wastewater plant on February 18, 2020, he has not made a request or demand on the City for the return of any personal property items he may have left at the wastewater facility. *Id.*, ¶ 25; Declaration of Counsel, Ex. E, Deposition of Plaintiff, p. 118, ll. 3–17.

Dates this 9th day of November, 2022.

_____
BLAKE G. HALL

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following this 9th day of November, 2022, by the method indicated below:

Kelly H. Andersen, Esq.                    [X] CM/ECF
David W. Gadd, Esq.
STOVER GADD & ASSOC.
PO Box 1428
Twin Falls, ID 83303
Email: kha@magicvalleylaw.com
Email: dwg@magicvalleylaw.com


_____
BLAKE G. HALL