Kelly H. Andersen (ISB#10511)
David W. Gadd (ISB #7605)
STOVER, GADD & ASSOCIATES, PLLC
905 Shoshone Street North
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
kha@magicvalleylaw.com
dwg@magicvalleylaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| OTTIS D. PHERIGO, an individual<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF BURLEY, an Idaho municipal corporation<br><br>      Defendant. | Case No.4:21-CV-00364-DCN<br><br>**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]** |

I, OTTIS DAN PHERIGO, hereby swear under penalty of perjury as follows:

1.      I am over eighteen (18) years of age and am competent to testify in this matter. I make this declaration based on my own personal knowledge unless otherwise indicated.

2.      I am the Plaintiff in this matter and a former employee of the City of Burley.

3.      I was hired as a mechanic for the City in 2009 and was later promoted to wastewater technician.

4.      On or about January 6, 2020, I accompanied coworker Lindsey Yeaman when she

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 1**

reported the inappropriate behavior of Dee Hodge, head of the Wastewater Department. Hodge was my supervisor and Yeaman's supervisor.

5.      That report was initially made to Carol Anderson, human resources director.

6.      Carol Anderson stopped Yeaman and asked her to repeat her report to Mark Mitton, City Administrator and Pretreatment Administrator. I was also present for that report.

7.      On or about January 31, 2020, I became aware that Lindsey Yeaman had received a Notice of Proposed Termination signed by Dee Hodge.

8.      After January 31, 2020, Lindsey Yeaman was not present at work.

9.      On February 3, 2020, I calmly reported the sexual harassment of Lindsey Yeaman by Dee Hodge to Carol Anderson. I considered Hodge's termination of Yeaman shortly after her report of his behavior to be a retaliation for Yeaman's report.

10.      The day of my report, February 3, 2020, I was placed on involuntary administrative leave. I was not given any paperwork in connection with this leave.

11.      I attended Yeaman's termination hearing with her on February 10, 2020. Dee Hodge and Carol Anderson were at the hearing. No other City employees or officers were present.

12.      Ms. Yeaman's employment with the City was subsequently terminated. Although the stated reason was poor job performance, I maintain that Hodge, who presided at Yeaman's termination hearing, terminated Yeaman for her report against him and her rejection of his sexual advances.

13.      On February 13, 2020, I received a call from Mark Mitton. He told me that the investigation into Dee Hodge was complete and that no harassment was found.  Mitton told me to return to work on February 18, 2020. I was not provided with a copy of the report on the

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 2**

investigation until after the start of this litigation.

14.    I returned to work as instructed on February 18, 2020.

15.    On the morning of February 18, 2020, I informed my supervisor, Dee Hodge, that I had to leave for an early lunch due to a medical appointment.

16.    Hodge became angry with me and we had a disagreement.

17.    In this disagreement, Hodge called me a drunk, accused me of tampering with the PLC systems and told me that he would take my resignation.

18.    I denied being drunk and denied tampering with the equipment. I told Hodge that I wouldn't give him the satisfaction of my resignation.

19.    I also told Hodge that I saw the pattern of harassment that he put Yeaman and previous secretaries through.

20.    I informed Hodge that I was going to wear a recorder to protect myself. I also said that I was going to the Idaho Labor Board and get help. None of the threats involved violence.

21.    When I reported the incident to Carol Anderson that same morning, I also informed her that I would get legal counsel and have detailed logs of what was going on.

22.    At no time on February 18, 2020, or before, did Carol Anderson ever mention to me that she had received reports from my coworkers that I had made threats of violence.

23.    I went to my doctor's appointment as scheduled that day.

24.    Shortly after I returned, Mark Mitton appeared with an officer. I was escorted off the premises and was not given the opportunity to collect any of my personal possessions. I was informed then, for the first time, that my coworkers reported that I had made violent threats.

25.    At the time that I was escorted off the premises on February 18, 2020, I was informed that if I returned to City property, I would be cited for criminal trespass. I was placed

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 3**

on involuntary leave again.

26. I was previously incarcerated by the City in connection with the violation of a city ordinance due to the presence of Japanese knotweed in my yard.

27. At that time, I was denied access to my arthritis medication. Someone came to bail me out of jail that day, but this person was sent home more than once.

28. Before I was bailed out of jail, due to the cold temperatures of the jail and the lack of access to my medications, I fell and was injured.

29. I informed Hodge of the jail injury. Hodge told me that if I reported that injury, my employment with the City would be terminated.

30. I did not personally pursue the return of my possessions with the City due to both my previous experience of incarceration and the threat of criminal trespass if I did return.

31. I opted instead to communicate with the City through my attorney, who filed a Notice of Tort Claim with the City as well as the paperwork before the Idaho Human Rights Commission. I kept my belongings, including tools, at work for my personal benefit to perform my job duties. I now have no control or benefit from my tools and other belongings that I kept at the workplace and that I have been prevented from receiving.

32. Both the Notice of Tort Claim and the Paperwork with the Idaho Human Rights Commission informed the City that I had belongings on City property that I had not been able to retrieve.

33. I never made threats of violence against Hodge or any other employee of the City.

34. I never told Rusty Blackner that I was going to kill Hodge.

35. I was terminated by the City as a result of my filing of a harassment complaint against Dee Hodge on February 3, 2020, and the interaction that I had with Hodge and Carol

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 4**

Anderson on February 18, 2020.

36.    I recall an incident at work when Rusty Blackner threatened to beat coworker Jean Gorringe to death with a shovel. I did not observe Blackner placed on leave or face any other observable consequence for this threat or workplace violence.

37.    I didn't know Yeaman prior to working for the City. For the first six months that she worked there, I didn't speak to her. Later, I developed a professional relationship with Yeaman. In my job, I would interact with her a few hours per week, depending on the needs of the job.

38.    I was protective of my coworkers, including Chelsey Ferrin and Lindsey Yeaman.

39.    I experienced a severe reaction to a change in my medication in October of 2018. When I returned to work, I discovered that my belongings were packed in boxes and my coworkers told me that I had been fired.

40.    I went to speak to Carol Anderson at human resources to determine why I had been fired for being out sick.

41.    In response, I received an apology and the letter attached as **Exhibit A**.

42.    My rheumatoid arthritis is a health condition that substantially limits one or more of my major life activities.

43.    When my symptoms were severe, I used a cane at work to assist with my mobility at work. At times, my disability required me to take unexpected leave from work.

44.    The City was aware of my health issues. In one of my employment reviews, Hodge set a supervisor goal for me to "be more healthy."

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 5**

I certify (or declare) under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Nov 29, 2022
_____
Date

*ottis d pherigo*
ottis d pherigo (Nov 29, 2022 15:27 MST)
_____
Ottis Dan Pherigo

DATED this __30th__ day of November, 2022.

By  */s/ Kelly H. Andersen*
_____
Kelly H. Andersen

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 6**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document upon the following this  30th day of November, 2022, by the method indicated below:


Blake G. Hall                                              [X] CM/ECF
Sam L. Angell
Dillon S. Erickson
Hall Angell & Associates, LLP
1075 S. Utah Avenue, Suite 150
Idaho Falls, Idaho 83402
Email:
bgh@hasattorneys.com
sla@hasattorneys.com
dse@hasattorneys.com


                                          /s/ Kelly H. Andersen
                                          Kelly H. Andersen


**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT. 20]– Page 7**

# EXHIBIT A

**DECLARATION OF OTTIS DAN PHERIGO IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT [DKT.20] – EXHIBIT A**



City of Burley
1401 Overland Ave
Burley ID, 83318
(208) 878-2224

October 22, 2018

Dear Dan,

We feel that your request to have some time to adjust to your medication is a reasonable accommodation. You previously had six days to adjust to your medication. We feel that another five days to adjust is a reasonable accommodation ending on October 26, 2018. If at the end of this time if you are still having difficulty getting to work it will be your responsibility to contact Dee for further accommodations.

Sincerely,

Mark Mitton

BURLEY000001